IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDSAY P. SHULER, EY-9595,  )
    Petitioner,  )
      )
    v.  )    2:14-cv-1373
      )
PENNSYLVANIA BOARD OF  )
PROBATION AND PAROLE, et al.,  )
    Respondents.  )

MEMORANDUM OPINION and ORDER

Mitchell, M.J.,

Lindsay P. Shuler, and inmate at the State Correctional Institution at Pittsburgh, has presented a petition for a writ of habeas corpus. For the reasons set forth below the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

On April 19, 2002, petitioner was sentenced to a 54 to 204 month period of incarceration at CP-22-CR-2170-2001 in the Court of Common Pleas of Dauphin County, Pennsylvania with an effective date of December 12, 2001.[1] On July 3, 2003 he was sentenced to a concurrent 72 to 144 month sentence at No. CP-22-CR-323-2003 by the same court.[2] It is not these convictions about which the petitioner complains here, but rather the actions of the Pennsylvania Board of Probation and Parole ("the Board") in not releasing him from custody on parole.

Specifically petitioner contends he is entitled to release on the following grounds:

1. Due Process Violation – the respondent committed a due process violation for its failure to take action [on] several petitions for administrative review… the respondent refuse[d] to provide petitioner with an adjudication [pursuant to Pennsylvania law].
2. Respondent committed a due process violation for its failure or refusal to provide petitioner with reasons for rejection of his parole plans (home plans); failure to give cause that the rejections were factual, credible and justifiable so petitioner [could] discern if the reasons were "arbitrary and cap[r]icious" and failure to

---

[1] See: Exhibit 1 to the answer.
[2] See: Exhibits 2 and 3 to the answer.

1

process and investigate petitioner's parole plans (home plans) pursuant to [the Board's] procedures.
3. Due Process violation. The respondent committed a due process violation for its refusal to submit a parole referral so petitioner can be placed into a "specialized community corrections center" pursuant to DOC policy…
4. Due Process violation. The respondent's failure or refusal to provide petitioner with substantial evidence supporting the reasons for denying/rejecting 8 of 11 parole plans (home plans) investigations; failed to maintain records, reports and other written things regarding parole plan (home plan) investigations and refusal to place petitioner as a parolee into a county jail work release reentry initiative program pursuant to DOC policy

That is, the petitioner seeks to challenge the decision not to release him on parole. His minimum release date was July 3, 2009 and his maximum date is December 11, 2018.[3]

On April 7, 2009, release on parole was denied.[4] However, on February 8, 2010, release on parole was approved as follows:

> You are paroled to a specialized community corrections center, you shall enter into and actively participate in the community corrections residency until successfully discharged… You must have an approved plan prior to release from the residency.[5]

Apparently, petitioner then submitted a number of community corrections plans which were rejected. On November 13, 2013, the investigating agent discussed petitioner's proposed release to the Next Step Recovery Program in Philadelphia. The agent contacted that facility which reported that it could not accommodate a sex offender.[6] On October 21, 2014, petitioner's request for release to the Next Step program was again rejected on the basis that due to the nature of his offenses, the petitioner was not eligible for placement at that facility. In addition, the petitioner was informed that if he did not have another proposed release plan, the Board "may provide some assistance … in finding another … placement…"[7]

First the respondents argue that the petition is subject to dismissal as a result of the failure of the petitioner to exhaust his administrative remedies. While the record on this matter is not clear, we need not require supplementation since where, as here, the petition is subject to dismissal, the exhaustion requirement need not be imposed. 28 U.S.C. § 2254(b)(2).

---

[3] See: Exhibit 4 to the answer.
[4] See: Exhibit 5 to the answer.
[5] See: Exhibit 6 to the answer.
[6] See: Exhibit 7 to the answer.
[7] See: Exhibit 8 to the answer.

Additionally, respondents argue that 8 of the petitioner's 11 release plans were rejected between March 10, 2010 and November 4, 2013, and that even if appropriately before this Court except for the latter rejection, they are time barred by the instant petition executed on September 30, 2014 and filed on October 9, 2014. 28 U.S.C. § 2244(d)(1). In this they are correct.

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for not gaining release arise from the inability of the petitioner to gain admission to a residential facility and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980). In McKune v. Lile,122 S.Ct. 2017, 2024 (2002), the Court wrote "states … have a vital interest in rehabilitating convicted sex offenders."

In Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

Thus, the record clearly demonstrates that Williams' continued incarceration is not the result of a violation of any federally protected rights but rather a valid exercise of the state's interest in protecting the public. For this reason, his continued incarceration is not a result of an arbitrary or capricious decision made in violation of federal law as determined by the Supreme Court but rather results from his inability to secure an appropriate placement. Accordingly, the petition of Lindsay P. Shuler for a writ of habeas corpus will be dismissed, and because reasonable jurists could not concluded that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 21st day of January, 2015 for the reasons set forth in the foregoing Memorandum, the petition of Lindsay P. Shuler for a writ of habeas corpus (ECF 1) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

    s/ Robert C. Mitchell  
    United States Magistrate Judge